JAMES W. MILLER, APPELLANT, AND THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK, RESPONDENTS.

1. On an appeal from the award of commissioners appointed to make an assessment of damages to the owners of lands taken for opening a street, under the charter of the city of Newark, no answer is required to the petition of appeal. The court will frame an issue in the words of the charter, without any answer being filed, and notwithstanding the allegations in the answer, if one be filed.

2. On the trial of an issue on such appeal, the nature and quantity of the estate of an owner, who is unwilling to treat, necessarily enters into the estimation of the damages he sustains, and it is competent for the city to show that the land in question is within the lines of an ancient highway, and subject to a servitude to the public for the purposes of a street.

On motion to strike out answer to a petition of appeal.

Argued at February Term, 1872, before Justices BEDLE, DALRIMPLE, and DEPUE.

For the appellants, *F. W. Stevens.*

For the city, *W. H. Francis.*

DEPUE, J.   By an ordinance of the common council of the city of Newark, passed on the 18th of March, 1871, the opening of Broad street, on the west side, for the distance of ninety-four feet and ten inches, of the width of thirteen feet and ten inches at one end, and five feet and four inches at the other, was directed.

The petition of the appellant states that, in such opening of Broad street, the line crosses his land, and a strip thereof, thirteen feet and one inch in length, and five feet and four inches in width, is taken. It further states that the commissioners appointed under the city charter for the assessment of the damages sustained by the taking and appropriating of

lands for such improvement, made no assessment to the appellant for the value of his land and damages, and reported that no damages were due, or to be allowed to him therefor.

The appellant, conceiving that he is aggrieved by this proceeding of the commissioners, presented his said petition for the purpose of an appeal therefrom, to the end that he may obtain a trial by jury, for the assessment of his damages under the one hundred and second section of the city charter.

To this petition the city council has filed an answer, admitting the passing of the ordinance and the appointment and report of commissioners, as set out in the petition, but denying that the portion of Broad street, as opened by said ordinance, or any part thereof, crosses the lot of the appellant, or cuts off any portion thereof, and averring that the strip of land described in the petition as being appropriated for the opening of Broad street by said ordinance, was, at the time of the passing of said ordinance and the appointment and report of said commissioners, and had been, for a long time prior thereto, to wit, for the space of sixty years, a part of said Broad street.

The motion is to strike out this answer, on the ground that it is irrelevant, and that no issue can be made upon it.

In proceedings of this kind no formal pleadings are required. The section of the charter providing for an appeal, prescribes that the Supreme Court, upon such appeal, "shall order a trial by jury to assess the damages sustained by the party aggrieved, the trial whereof shall be conducted as in other cases of trial by jury." The issue upon which the trial shall be had will be framed under the directions of the court in the language of this section, without any answer being filed, and notwithstanding the allegations contained in the answer, if one be filed.

But it is insisted that the title of the recognized owner cannot be called in question in these proceedings, nor can any inquiry be made into the existence of any public servitude over the *locus in quo*. The report of the commissioners admits that the appellant is the owner of the legal title, and

so he is *ad medium filum*, and will continue to be after the street is opened to its lawful width. His title is not, in any wise, called in question.

The charter provides that, whenever the common council shall determine, by ordinance, to lay out and open any street, and to take and appropriate for such purpose any lands and real estate, they may treat with the owners thereof for the purchase of the same, and in case no agreement for such purchase can be made, commissioners may be appointed " to make an estimate and assessment of the damages that any such owner or owners will sustain by taking and appropriating, in the manner aforesaid, such lands and real estate ; " and any person conceiving himself to be aggrieved by the proceedings of the common council or of the commissioners, may appeal to the Supreme Court.

The common council makes no adjudication upon the rights of parties to be affected. It simply determines the lines of the proposed improvement. The commissioners are appointed to assess the damages of all the owners along the line of the entire street, with whom agreements to purchase cannot be made. The proceeding throughout is *in rem*, and not *inter partes*.

The nature and quantity of the estate of the owner unwilling to treat, necessarily enters into the estimation of the damages sustained. The owner may be a tenant in dower, by the curtesy, for years, or for some other limited estate, and the owner of the reversion may be willing to release all claim for compensation for the injury to his estate. The title may be clogged by conditions or restrictions in the mode of user, which will materially affect the extent of the injury, or the strip appropriated may have been previously impressed with a public use, and the beneficial use by the owner may be by sufferance merely of the public authorities. The lands may be within the lines of an ancient highway, on which the adjacent owner has encroached, and from which his building may be removed by indictment or by proceedings to remove encroachments, notwithstanding the lapse of time. *Cross* v.

*Morristown,* 3 *C. E. Green* 305 ; *Tainter* v. *Same,* 4 *Ib.* 46. The market value of land so circumstanced is a very different thing from its value if unencumbered by public rights. In all such cases an appraisement of the actual injury to the owner can be made only with reference to the value of the estate or right of which he is deprived. This principle has been made the basis of decision by the courts in cases where the measure of compensation for injuries sustained by the opening of streets has been the subjected of adjudication. *Stebbing* v. *Metropolitan Board of Works, Law Rep.,* 6 *Q. B.,* 37 ; *In matter of Albany street,* 11 *Wend.* 149 ; *In matter of William and Anthony streets,* 19 *Wend.* 679 ; *Tufts* v. *City of Charlestown,* 2 *Gray* 271 ; 4 *Gray* 837 ; *Woburn* v. *Middlesex,* 7 *Gray* 106 ; *B. & M. R. R. Co.* v. *Middlesex,* 1 *Allen* 324 ; and upon this ground, assessments of nominal damages to the owners of lands dedicated to public use for streets, have been sustained on proceedings of the same kind as that now before the court. *Livingston* v. *Mayor of N. Y.,* 8 *Wend.* 85 ; *Wyman* v. *The Same,* 11 *Ib.* 486 ; *In matter of Twenty-ninth street,* 1 *Hill* 191.

The answer filed by the city counsel cannot be considered as a plea and struck out as such. Its only office is as a notice of the ground on which the city will rely to show, at the trial, that the appellant is not entitled to substantial damages. That defence might be made without any answer on the record. It was not necessary that an answer should be filed, but the matter contained in it is not irrelevant to the controversy arising upon this appeal.

The motion to strike out is denied. The court, on application of either party, will direct such an issue as is prescribed by the city charter.

Justices BEDLE and DALRIMPLE concurred.